ROBERTA L. STEELE, SBN 188198 (CA)
JOHN F. STANLEY, SBN 15418 (WA)
LINDA S. ORDONIO-DIXON, SBN 172830 (CA)
RAYMOND T. CHEUNG, SBN 176086 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. W, POB 36025
San Francisco, CA  94102
Telephone No. (415) 522-3157
Raymond.Cheung@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HERB HALLMAN CHEVROLET, INC. D/B/A CHAMPION CHEVROLET,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**Civil Rights –**<br>**Employment Discrimination**<br><br>**JURY TRIAL DEMANDED** |

### NATURE OF THE ACTION

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") brings this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to claimant Dena Palmer, a female employee who was adversely affected by such practices.  As alleged with greater particularity below, Defendant, Herb Hallman Chevrolet, Inc. d/b/a Champion Chevrolet ("Hallman"), discriminated against the Ms. Palmer by subjecting her to unwelcome and offensive conduct based on her sex, female, that was sufficiently severe or pervasive to adversely affect the terms and conditions of her employment and created a hostile work environment. Defendant was aware of the hostile work environment, but failed to take prompt, effective remedial action.  In addition, Defendant subjected Ms. Palmer to discriminatory terms and conditions of

employment based on her sex, female. The EEOC also alleges that Defendant constructively discharged Ms. Palmer by allowing the discriminatory and hostile work environment to continue and worsen to the point that it rendered her working conditions so intolerable that she was forced to resign.

## JURSIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in the United States District Court for the District of Nevada, because the unlawful employment practices alleged below occurred in the City of Reno, County of Washoe, Nevada.

## PARTIES

4. Plaintiff EEOC is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant to § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Hallman has continuously been, and is now, a Nevada corporation doing business in the State of Nevada and in the City of Reno, County of Washoe.

6. At all relevant times, Defendant Hallman has continuously had and does now have at least fifteen (15) employees.

7. At all relevant times, Defendant Hallman has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the initiation of this lawsuit, Gary Quaintance filed a charge of discrimination with the EEOC alleging, *inter alia*, that Defendant Hallman discriminated against Mr. Quaintance in violation of the provisions of Title VII and that, in pertinent part, he had

witnessed discrimination against female employees.

9. Defendant received notice and a copy of Mr. Quaintance's charge of discrimination.

10. On July 22, 2019, the EEOC issued a Letter of Determination finding reasonable cause to believe that Defendant violated the provisions of Title VII. The letter advised that "[a] like or related finding indicates that at least one woman was subjected to a hostile work environment based on gender; was denied sales opportunities, sales support and access to online sales training and incentive programs based on gender; and was subjected to constructive discharge."

11. Defendant was informed that the woman referenced in the July 22, 2019 Letter of Determination was Dena Palmer.

12. In the EEOC's July 22, 2019 letter, the EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

13. The EEOC communicated with Defendant's counsel to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15. On August 7, 2019, the EEOC issued a Notice of Failure of Conciliation Letter.

16. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

**First Claim of Relief – Disparate Treatment Based on Sex**

17. Since at least February 3, 2016, Defendant has engaged in unlawful employment practices at its Reno, Nevada location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by subjecting Dena Palmer to different terms and conditions of employment based on her sex, female.

18. Ms. Palmer was hired by Defendant on or about February 3, 2016 as a car salesperson at Defendant's "Champion Chevrolet" car dealership.

19. Ms. Palmer was the sole female salesperson at Champion Chevrolet from the time of her hire until her resignation on or about September 30, 2016.

20. At her hiring interview, Ms. Palmer was warned that the male employees in the sales department did not want any women working there. Throughout her employ, Ms. Palmer was shunned by her male co-workers, who refused to provide guidance and assistance that was freely given to male employees. Although management was aware that Ms. Palmer was denied help, no corrective action was taken.

21. Ms. Palmer was also repeatedly denied work amenities and tools which would have made it easier to perform her duties while male sales staff were not denied such perks. For example, payroll advances that were routinely approved for male employees were withheld from Ms. Palmer. In addition, for several weeks after her hire, Ms. Palmer was denied an office to meet with clients and to complete paperwork; new male hires were immediately assigned an office. For the better part of her tenure, Ms. Palmer was also denied a login for computer-based programs that contained critical work information and access to sales bonus competitions. Most critically, her sales deals were frequently delayed or rejected without reasonable justification. Meanwhile, her male counterparts received timely processing of their deals and assistance in completing them.

22. The effect of the practices complained of in paragraphs 17 to 21 has been to deprive Ms. Palmer of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

23. The unlawful employment practices complained of in paragraphs 17 to 21 above were intentional.

24. The unlawful employment practices complained of in paragraphs 17 to 21 above were done with malice or reckless indifference to the federally protected rights of Ms. Palmer.

**Second Claim of Relief – Hostile Environment Based on Sex**

25. The EEOC hereby incorporates the allegations of paragraphs 1 through 24 above as though fully set forth herein.

26. Since at least February 3, 2016, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These practices included subjecting Dena Palmer to harassment on the basis of her sex, female, that created an offensive, abusive, intimidating and hostile work environment.

27. In addition to the sex-based disparate treatment detailed in paragraphs 20 to 21 above, Ms. Palmer was subjected to daily offensive comments based on her sex. As an example, the men would repeatedly joke or make derogatory comments about women in car sales within earshot of Ms. Palmer and laugh in her direction. Managers also engaged in the offensive conduct. On one occasion, an announcement over the intercom called for all "salesmen" to report to the office. A manager turned to Ms. Palmer and said, "Did you hear that? They said salesmen!" with an emphasis on "men." The manager laughed with a group of male bystanders and then walked away.

28. The predominantly male sales workforce repeatedly ignored Ms. Palmer's questions or comments. Ms. Palmer's attempts to interact with her male co-workers in a pleasant manner were met with contempt.

29. Co-workers also repeatedly made deeply humiliating jokes and comments about Ms. Palmer's appearance, including her weight. As an example, co-workers repeatedly made jokes about fat women and then laughed in her direction. The men would also stare, make comments and laugh when she walked by. On one occasion, after a co-worker made a comment about her blouse, Ms. Palmer was directed to go home and change it; there was nothing inappropriate about the blouse. The blouse incident became a joke among the male employees. Men in the department did not suffer negative attention over their appearance.

30. Ms. Palmer and charging party Gary Quaintance repeatedly complained about the discriminatory treatment and harassment to Defendant.

31. Despite having actual and constructive notice of the harassment described above, Defendant failed and refused to take prompt and appropriate action to halt the harassment resulting in a hostile work environment for Ms. Palmer. The hostile work environment persisted until Ms. Palmer was constructively discharged in September 2016.

32. The effect of the actions complained of in paragraphs 20 to 21 and 26 to 31 above has been to deprive Ms. Palmer of equal employment opportunities and otherwise adversely affect her status as an employee based on her sex, female.

33. The unlawful employment practices complained of in paragraphs 20 to 21 and 26 to 31 were intentional.

34. The unlawful employment practices complained of in paragraphs 20 to 21 and 26 to 31 were done with malice or with reckless indifference to the federally protected rights of Dena Palmer.

### Third Claim of Relief – Constructive Discharge

35. The EEOC hereby incorporates the allegations of paragraphs 1 through 34 above as though fully set forth herein.

36. As detailed above, throughout her employ Dena Palmer was subjected to discriminatory terms and conditions of employment as well as a hostile work environment based on her sex, female. Defendant was fully aware of her discriminatory treatment. Despite this knowledge, Defendant failed and refused to take any action to prevent and correct the situation.

37. The inaction by Defendant caused Ms. Palmer to become increasingly frustrated, isolated and humiliated. Ms. Palmer hated to go to work. On many occasions she was so overcome with distress about her discriminatory treatment that she was reduced to tears.

38. The discrimination and hostile work environment described in paragraphs 20 to 21, 26 to 31 and 36 to 37 above made Ms. Palmer's working conditions so intolerable that a reasonable person would have felt compelled to resign. Ms. Palmer felt compelled to resign and did so on September 30, 2016.

39. The effect of the actions complained of in paragraphs 20 to 21, 26 to 31 and 36 to 37 above has been to deprive Ms. Palmer of equal employment opportunities and otherwise adversely affect her status as an employee based on her sex, female.

40. The unlawful employment practices complained of in paragraphs 20 to 21, 26 to 31 and 36 to 37 were intentional.

41. The unlawful employment practices complained of in paragraphs 20 to 21, 26 to 31 and 36 to 37 were done with malice or with reckless indifference to the federally protected rights of Dena Palmer.

///

///

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with it, from creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and hostile work environment on the basis of sex, and/or engaging in any other employment practice that discriminates on the basis of sex.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendant to make Ms. Palmer whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful retaliation complained of above, including emotion pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

D.  Order Defendant to pay Ms. Palmer punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs of this action.

///

///

///

**DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Dated: August 28, 2017        */s/ Roberta L. Steele*
ROBERTA STEELE
Regional Attorney

Dated: August 28, 2017        */s/ John F. Stanley*
JOHN STANLEY
Supervisory Trial Attorney

Dated: August 28, 2017        */s/ Raymond T. Cheung*
RSAYMOND T. CHEUNG, Senior Trial Attorney
Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. W., POB 36025
San Francisco, CA 94102

*Attorneys for Plaintiff*