UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HERB HALLMAN CHEVROLET, INC. D/B/A CHAMPION CHEVROLET,<br><br>Defendants. | Case No. 3:19-cv-00537-MMD-WGC<br><br>ORDER |

**I. SUMMARY**

Gary Quaintance has moved to intervene in this action as Intervenor-Plaintiff under Fed. R. Civ. P. 24(a). The Court has considered Defendant Herb Hallman Chevrolet, Inc. d/b/a Champion Chevrolet's ("Champion") opposition (ECF No. 29) and Quaintance's reply (ECF No. 32).[1] Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed a notice of non-opposition to the Motion. (ECF No. 27.) The Court finds that Quaintance has established no right to intervene in this matter and will therefore deny the Motion. Champion's alternative motion to compel arbitration (ECF No. 30) will thus be denied as moot.

**II. BACKGROUND**

The EEOC filed this action on August 28, 2019. (ECF No. 1.) The complaint is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I") to correct unlawful employment practices on the basis of sex, on behalf of claimant Dena Palmer. (*Id.* at 1.)

///

///

---

[1] Quaintance filed a motion for enlargement of time to file his reply (ECF No. 31) which the Court will grant *nunc pro tunc*.

In the complaint, the EEOC asserts three sex-based claims against Champion: (1) disparate treatment based on sex in violation of section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) (claim one); (2) hostile work environment based on sex in violation of the same (claim two); and (3) constructive discharge (claim three). (*Id.* at 3–6.) The EEOC seeks, *inter alia*, compensatory damages, injunctive relief, and punitive damages related to these claims. (*Id.* at 7.)

Champion answered the complaint on November 1, 2019 (ECF No. 19). Quaintance filed the Motion on December 4, 2019, accompanied by a Complaint in Intervention ("CI") (ECF Nos. 25, 25-1). In the CI, Quaintance asserts both federal and state law claims. (*See generally* ECF No. 25-1.) His federal claims consist of claims for unlawful discrimination based on protected activity in violation of Title VII's antiretaliation provision, 42 U.S.C. § 2000e-3(a), and a related wrongful termination or constructive discharge claim (claims one and two). (*Id.* at 13–15.) His state law claims are for (1) breach of contract based on promise of continued employment (claim three), (2) negligent hiring, supervision, and retention (claim four), and (3) respondeat superior liability (claim five). (*Id.* at 16–18.) Quaintance seeks, *inter alia*, damages, declaratory relief and injunctive relief individualized to his claimed harms. (*See id.* at 18–20.) Champion filed its opposition to Quaintance's motion on December 18, 2019, and alternatively moved to compel Quaintance to arbitrate his claims. (ECF Nos. 29, 30.)

**III.    DISCUSSION**

When evaluating motions to intervene as a matter *of right*, courts construe Rule 24 liberally in favor of potential intervenors, focusing on practical considerations rather than technical distinctions. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). Nonetheless, an applicant for intervention bears the burden of showing that he/she is entitled to intervene. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The Court concludes that Quaintance has failed to meet this burden. The Court therefore does not consider Champion's motion to compel arbitration (ECF No. 30), which is rendered moot.

Under Rule 24(a) anyone may intervene in an action as of right upon "timely" moving to do so where the individual is "given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). An individual may also intervene where he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Ninth Circuit Court of Appeals has further clarified the requirements for intervention under section (a)(2) as follows:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (citations omitted). 'Failure to satisfy any one of the requirements is fatal to the application.' *Id.* (quoting *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009)).

The Court addresses whether the Motion is timely before turning to the other factors.

**A.  Timeliness**

"Timeliness is 'the threshold requirement' for intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)). Champion claims that Quaintance's Motion is untimely because Quaintance intended to bring suit against Champion as of July 2019 and offers no explanation for his delay in seeking invention. (ECF No. 29 at 6–8.) Champion otherwise argues that allowing Quaintance to join after his delay would prejudice it (*id.*). Quaintance argues that the Motion is timely because it was brought only four months after this lawsuit was filed (*see* ECF No. 1) and one month after Champion

///

1 answered the complaint (*see* ECF No. 20). (ECF No. 25 at 3–4.) Quaintance additionally
2 points out that this case is in its early stages. (*Id.*)

3 The Court agrees with Quaintance that his Motion is timely. The Court considers
4 this matter to be in its earliest stages—*e.g.*, the early neutral evaluation has been
5 rescheduled to March 3, 2020 (ECF No. 40) and discovery is not due to close until April
6 28, 2020 (ECF No. 23). The Court also concludes that Champion's arguments regarding
7 prejudice (ECF No. 29 at 7–8) are largely irrelevant to the Court's timeliness inquiry. To
8 be sure, the Court finds that any claim of prejudice to Champion by asserted delay is de
9 minimis at best. The Court therefore finds the Motion timely and turns to assessing
10 whether Quaintance has established the other prerequisites to intervention.

11 **B.    Other Requirements**

12 As a preliminary matter, it is not clear from the Motion that Quaintance seeks to
13 intervene under both sections (a)(1) and (a)(2). While Champion's opposition challenges
14 the existence of an unconditional right under Rule 24(a)(1) (ECF No. 29 at 9–10),
15 Quaintance's Motion does not so much as mention the word unconditional (*see generally*
16 ECF No. 25) although he does in his reply (ECF No. 32 at 2–3). In any event, to the extent
17 Quaintance argues that he has an unconditional right to intervene under Rule 24(a)(1)
18 (*id.*), the Court disagrees.

19 In both the Motion and his reply, Quaintance contends that he is an "aggrieved
20 person" and as such has a statutory right to intervene in this action under 42 U.S.C. §
21 2000e–5(f)(1). (ECF No. 25 at 4; ECF No. 32 at 2–3.) His reply makes it clear that his
22 position is that this is an *unconditional* statutory right as required by section (a)(1). (ECF
23 No. 32 at 2.) It appears that Quaintance's supposition is that he is an aggrieved person in
24 the context of this action because he filed the Charge of Discrimination ("COD") (ECF No.
25 29-5) that ultimately triggered the EEOC's lawsuit. (ECF No. 25 at 4; *see also* ECF No. 32
26 at 2 (stating that Quaintance is an "'aggrieved person' as he is the catalyst behind this
27 entire proceeding"). But Quaintance cites no authority to support this theory of aggrieved
28 person. To be clear, the COD in gist provided that Quaintance witnessed discrimination

4

against women at Champion, complained about it, and was discharged a few days later (i.e., suffered retaliation). (ECF No. 29-5.) The COD otherwise asserted age discrimination. (*Id.*)

The Court finds that Quaintance is not an aggrieved person in the context of this case. The Court's foremost consideration is that the EEOC brought this case for sex-based discrimination and hostility and Quaintance's claims are not similarly grounded. *See supra* Section II (providing Quantaince claims). That is, there is no indication that the EEOC's claims substantially affect or overlap with Quaintance's claims, most relevantly his retaliation claim. The Court therefore cannot deem Quaintance an aggrieved person within the scope of the EEOC's complaint. Because Quaintance has not otherwise established that he has an unconditional right under Rule 24(a)(1), he cannot intervene under that section.

Quaintance's motion to intervene under Rule 24(a)(2) also fails. Relevantly, Champion argues that Quaintance cannot establish any of the required section (a)(2) elements. (ECF No. 29 at 10–12.) Expanding upon the analysis above, the Court finds that Quaintance fails to satisfy the second requirement of the section (a)(2) analysis, which is fatal to his ability to intervene here. The Court therefore does not consider the other requirements.

As noted above, per Rule 24(a)(2)'s second requirement, Quaintance must show that he has "a significantly protectable interest relating to the property or transaction that is the subject of the action." *Freedom from Religion Found., Inc.*, 644 F.3d at 841. Generally "[a]n applicant has a 'significant protectable interest' in an action if (1) [he] asserts an interest that is protected under some law, and (2) there is a 'relationship' between [his] legally protected interest and the plaintiff's claims." *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly v. Glickman*, 159 F.3d

///

///

///

5

405, 409 (9th Cir. 1998)). However, "[t]he 'interest' test is not a bright-line rule." *Alisal*, 370 F.3d 915, 919 (2004) (citations omitted).

Again, Quaintance appears to argue that he has a significantly protectable interest in this case because he complained of the discrimination at issue and, like claimant, was discharged by Champion. (ECF No. 25 at 4; ECF No. 32 at 3.) Champion argues that Quaintance has no such interest, beyond being potentially called as a witness, because Quaintance's allegations are legally and factually distinct from the EEOC's claims and he seeks discrete relief. (ECF No. 29 at 9, 10.) The Court agrees with Champion.

The minor overlap between the impetus for the EEOC's case and Quaintance's allegations are materially insignificant for the purpose of intervention where the facts constituting the latter's allegations and his requested relief are substantively different from the former's claims and requested relief. *See, e.g., In re Volkswagen "Clean Diesel" Martg., Sales Pactices, and Products Liab. Litig.*, 894 F.3d 1030, 1046 (9th Cir. 2018) (finding that applicant intervenor had "no standing for the relief he seeks that the government does not, and so may not intervenes as of right under Rule 24(a)(2)"); *Akina v. Hawaii*, 835 F.3d 1003, 1011–12 (9th Cir. 2016) (affirming denial of motion to intervene because the proposed intervenors raised issues that were "entirely different issues from those raised by plaintiffs, and [. . .] the proposed intervenors could adequately protect their rights in separate litigation")[2]; *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1223 (6th Cir. 1975) (finding that the "sort of direct, substantial interest in this litigation that Rule 24(a) requires" was not shown where the claims asserted by the proposed intervenor

///
///
///
///
///

---

[2] Notably, Quaintance acknowledges that he is able to pursue his own claims in another action. (*E.g.*, ECF No. 25 at 5 ("QUAINTANCE has no choice but to pursue his claims in this action or another action, in order to vindicate them.").

1 || "provide separate and independent avenues of relief"). The Court therefore finds no right to intervene under Rule 24(a)(2).

In sum, Quaintance has not met his burden to show that he has a right to intervene in this action as of right under Rule 24(a)(1) or (a)(2) and he does not seek permissive intervention under Rule 24(b). The Court will therefore deny his Motion.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Gary Quaintance's motion for enlargement of time (ECF No. 31) is granted *nunc pro tunc*.

It is further ordered that Quaintance's motion to intervene under Fed. R. Civ. P. 24(a) (ECF No. 25) is denied.

It is further ordered that Defendant Herb Hallman Chevrolet d/b/a Champion Chevrolet's motion to compel arbitration (ECF No. 30) is therefore denied as moot.

DATED THIS 3rd day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE